**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4023**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE MARTIN DAVIS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-05-32)

———————————

Submitted: August 17, 2007      Decided: September 11, 2007

———————————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Martin Davis appeals his jury convictions and resulting 174-month sentence for attempted aggravated bank robbery, in violation of 18 U.S.C. § 2113 (2000) ("Count One"), and using and brandishing a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c)(1) (2000) ("Count Two"), for an incident that occurred in November 2002, and for bank robbery, in violation of 18 U.S.C. § 2113(a) (2000) ("Count Three"), for an incident that occurred in April 2003. Davis claims the district court erroneously: (i) admitted evidence of three prior bad acts under Fed. R. Evid. 404(b); and (ii) denied his motion to sever Count Three. Finding no error, we affirm Davis's convictions and sentence.

First, we reject Davis's assertion that the district court erred in admitting evidence of three other burglaries he was accused of having committed because the evidence's probative value was outweighed by its prejudicial effect. Substantial deference is due a district court's evidentiary rulings, see General Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997), and Rule 404(b) decisions by the district court are discretionary and will not be overturned unless arbitrary and irrational, see United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995).

We conclude the district court correctly found that the evidence of the Davis's other burglaries was relevant and necessary

to prove motive, intent, and identification. We also conclude the evidence was reliable because the prior bad acts evidence consisted of undisputed scientific DNA evidence and facts to which Davis stipulated. See United States v. Bailey, 990 F.2d 119, 123 (4th Cir. 1993) (holding that Rule 404(b) evidence should ordinarily be admitted as reliable unless it is "so preposterous that it could not be believed by a rational and properly instructed juror").

Although Davis vehemently argues that the probative value of the prior bad acts evidence was substantially outweighed by its prejudicial effect, we conclude that the district court's limiting instructions to the jury, as well as the prior notice regarding the evidence that was given to Davis by the prosecution, was sufficient to reduce any prejudicial effect the evidence may have had. See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (holding that the fear a jury may improperly use Rule 404(b) evidence subsides when the trial judge gives the jury a limiting instruction regarding proper use, and that "the fear of a 'trial by ambush' recedes" when the prosecution has given notice of the evidence to be introduced and "there is no evidence that the prosecution is placing the defendant's entire earlier life on trial"). Given the striking similarity of the circumstances surrounding the prior bad acts and the crimes with which Davis was charged, we conclude the district court's admission of Davis's prior bad acts into evidence was not arbitrary or irrational. See id. at 996 (holding that the

more similar the prior bad act is to the charged crime the more relevant the prior bad act becomes toward proving intent).

We also reject Davis's claim that the district court erred in denying his motion to sever Count Three. The joinder of multiple offenses is proper under Fed. R. Crim. P. 8(a) if the offenses are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) part of a common scheme or plan. See United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976). Even if offenses are properly joined, however, severance is appropriate if the defendant establishes he would be prejudiced by the joinder. See Fed. R. Crim. P. 14(a).

We conclude that the district court correctly denied Davis's motion to sever Count Three of the indictment because both counts charged Davis with robbing bank funds in violation of the same statute, Davis was accused of using tools to cut his way into both robbed properties, he was accused of wearing a stocking cap during the commission of both crimes, and the crimes occurred within a short time span. See Foutz, 540 F.2d at 736; see also United States v. Acker, 52 F.3d 509, 514 (holding that it is not an abuse of discretion to deny a motion for severance when "the offenses are identical or strikingly similar in the method of operation and occur over a short period of time").

We also conclude that Davis failed to meet the demanding burden of demonstrating a strong showing he was prejudiced by the

joinder.  While Davis correctly avers that his defense was more difficult because the counts were joined, this alone is insufficient to establish prejudice.  See United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984).  Rather, any possibility of prejudice was reduced since the evidence of each crime would have been admissible in the trial of the other if the counts had been severed.  See United States v. Cole, 857 F.2d 971, 974 (4th Cir. 1988) (holding that when evidence of the crimes "would be mutually admissible for legitimate purposes in separate trials for each offense," the possibility of prejudice requiring severance is "greatly diminished") (internal citation omitted).  Because joinder of the offenses promoted judicial economy, the district court did not err in denying Davis's motion to sever Count Three.

Based on the foregoing, we affirm Davis's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED